CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 4:21-cr-00008 |
| v. ) | |
| ) | |
| ELBRYAN TREMAINE DAVIS, ) | By: Michael F. Urbanski |
| Defendant/Petitioner. ) | Senior United States District Judge |

## MEMORANDUM OPINION

Elbryan Tremaine Davis, a federal inmate proceeding pro se, has filed a motion under 28 U.S.C. § 2255 challenging his 2022 conviction and sentence. For the following reasons, the motion is **DISMISSED** as untimely.

### I.

On November 17, 2021, Davis entered a plea of guilty to a one-count indictment, which charged him with distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). See Indictment, ECF No. 1; Guilty Plea Form, ECF No. 43. As part of his plea agreement, Davis stipulated in a signed statement of facts that the government would have proven that he sold 482.5 grams of methamphetamine to a confidential informant in December 2020. ECF No. 42.

Davis appeared for sentencing on July 20, 2022. During the sentencing hearing, the court adopted the presentence report prepared by the United States Probation Office and determined that Davis possessed a total offense level of 25 and a criminal history category of VI under the United States Sentencing Guidelines. Sentencing H'rg Tr. 19–20, ECF No. 82. As a result of those calculations and the mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(A), Davis faced a Guidelines range of 120 to 137 months' imprisonment. Id. The

court departed downward from that range based on the government's motion under 18 U.S.C. § 3553(e) and § 5K1.1 of the Guidelines, and imposed a term of imprisonment of 66 months. Id. at 59. The court entered the criminal judgment on August 2, 2022. ECF No. 67.

Davis timely filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, and an attorney was appointed to represent him on appeal. ECF Nos. 69, 74. Davis subsequently moved to voluntarily dismiss the appeal pursuant to Federal Rule of Appellate Procedure 42(b), and the Fourth Circuit granted that motion on February 6, 2023. ECF No. 86.

On October 27, 2024, Davis executed the pending motion under 28 U.S.C. § 2255 and placed it in the prison mailing system. See § 2255 Mot., ECF No. 100, at 12; see also Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a motion by a pro se prisoner is considered filed when it is delivered to prison authorities for mailing to the court). In the motion, Davis sets forth two grounds for relief. He claims that his criminal history included charges that had been dropped and that the court improperly considered those charges before pronouncing his sentence. Id. at 4. He also claims that the attorney retained to represent him after he was indicted "made [him] sign a false statement of facts" and "mishandl[ed]" his presentence report. Id. at 5.

With regard to the timeliness of the § 2255 motion, Davis contends that he "did not know of any further motion to file with the courts regarding [his] sentence other than a direct appeal" and that his appellate counsel "didn't disclose this information to [him]." Id. at 10. Davis asserts that he discussed the issues raised in the motion with his appellate counsel and that they ultimately decided to withdraw the direct appeal based on the terms of the plea

2

agreement. Resp. to Conditional Filing Order, ECF No. 104, at 2. Davis claims that his appellate counsel provided ineffective assistance by failing to inform him of the option of filing a motion to vacate under § 2255. Id.

## II.

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section.'" Dodd v. United States, 545 U.S. 353, 354 (2005) (quoting 28 U.S.C. § 2255(f)). The period of limitation runs from "the latest of" the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The court entered the judgment of conviction against Davis on August 2, 2022, and Davis timely noted an appeal. Generally, when a direct appeal is filed, a judgment becomes final "when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009) (alteration in original) (quoting Clay

v. United States, 537 U.S. 522, 527 (2003)). A certiorari petition must be filed "within 90 days . . . from the date of entry of the judgment or order sought to be reviewed." Sup. Ct. R. 13(1), (3). In Davis's case, the Fourth Circuit entered the order dismissing his appeal on February 6, 2023, and the time for filing a certiorari petition expired on Monday, May 8, 2023. Because Davis did not execute his § 2255 motion until October 27, 2024, more than 17 months later, the motion is clearly untimely under § 2255(f)(1).

Davis does not identify an "impediment . . . created by governmental action in violation of the Constitution or laws of the United States" that prevented him from filing the motion. 28 U.S.C. § 2255(f)(2). He does not assert any right newly recognized by the Supreme Court that applies retroactively on collateral review. 28 U.S.C. § 2255(f)(3). Nor does Davis suggest that "the facts supporting the claim or claims presented" could not "have been discovered through the exercise of due diligence" until a year before he filed the motion. 28 U.S.C. § 2255(f)(4). Instead, Davis acknowledges that he discussed each of the grounds for relief asserted in his § 2255 motion with his appellate counsel before the decision was made to voluntarily dismiss his direct appeal. See § 2255 Mot. at 4-5. Consequently, the alternative accrual dates set forth in § 2255(f) do not apply, and Davis's motion is statutorily untimely.

Davis appears to argue that the one-year period of limitation should be equitably tolled because his appellate counsel failed to inform him of the possibility of filing a § 2255 motion. The Supreme Court has made clear that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The actions or inactions of Davis's appellate

4

counsel do not qualify as extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336–37 (2007) (concluding that an attorney's mistake related to the time for seeking federal habeas corpus relief was "not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) ("This circuit has held that a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding. A majority of circuits agree.") (internal quotation marks and citations omitted). Additionally, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); see also United States v. Petty, 530 F.3d 361, 365–366 (5th Cir. 2008) (explaining that a litigant's pro se status, lack of legal training, and unfamiliarity with the law are insufficient reasons to equitably toll the statute of limitations applicable to § 2255 motions and that "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified").

Finally, while Davis asserts that he signed a "false statement of facts" before pleading guilty, § 2255 Mot. at 5, he does not point to any new evidence demonstrating that he is factually innocent of the drug offense with which he was charged. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or the] expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). The Court has emphasized, however, that "tenable actual-innocence gateway pleas are rare" and that "[a] petitioner does meet the threshold requirement unless he persuades the court that, in light of the new evidence, no

5

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (internal quotation marks omitted). Because Davis has not provided any new evidence showing that it is more likely than not that no reasonable juror would have convicted him, he does not qualify for the actual-innocence exception.

### III.

For the reasons stated, the court concludes that Davis's § 2255 motion was filed beyond the applicable one-year limitation period and that Davis has not shown that he is entitled to any equitable exception. Accordingly, the motion is **DISMISSED** as untimely. An appropriate will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 20:58:13
-05'00'

Michael F. Urbanski
Senior United States District Judge